LINDA WENDELL HSU (SBN 162971)
lhsu@selmanlaw.com
SELMAN LEICHENGER EDSON HSU NEWMAN & MOORE LLP
33 New Montgomery, Suite 1850
San Francisco, CA 94105
Telephone: 415.979.0400

AMBER LOCKLEAR (SBN #4395216)
Pro Hoc Vice Pending
alocklear@skarzynski.com
SKARZYNSKI MARICK & BLACK LLP
One Battery Park Plaza, 32nd Floor
New York, NY 10004
Telephone: 212.820.7763

Attorneys for Plaintiff
SCOTTSDALE INSURANCE COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTTSDALE INSURANCE COMPANY,<br><br>    Plaintiff,<br><br>    v.<br><br>JASON LUO and JAMES TAYLOR,<br><br>    Defendants. | Case No. 5:24-cv-7018<br><br>SCOTTSDALE INSURANCE COMPANY'S COMPLAINT FOR DECLARATORY JUDGMENT |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff Scottsdale Insurance Company ("Scottsdale"), by and through its undersigned counsel, sues Defendants Jason Luo and James Taylor (collectively, the "Defendants") for declaratory relief and alleges as follows:

### NATURE OF THE ACTION

1. Defendants Luo and Taylor are former executives of non-party SF Motors, Inc. dba Seres, Inc. ("SF Motors").

2. SF Motors, Luo and Taylor are defendants in a litigation currently pending in the

1

Delaware Court of Chancery captioned *Electric Last Mile Solutions, Inc. Stockholder Litigation*, 2022-0630-KSJM (the "Underlying Action").

3. SF Motors, Luo and Taylor have sought insurance coverage for the Underlying Action under an insurance policy issued by Scottsdale to SF Motors.

4. Subject to a full reservation of rights, Scottsdale acknowledged its duty to defend and assigned defense counsel.

5. Defendants Luo and Taylor have rejected Scottsdale's defense and have demanded that Scottsdale pay for their own chosen counsel.

6. By this Action, Scottsdale seeks a declaration that by refusing Scottsdale's selection of counsel, Defendants have breached the duty to cooperate required by the Scottsdale policy, and as a result of their breach, Scottsdale has no duty to defend Luo and Taylor in the Underlying Action.

## THE PARTIES

7. Scottsdale is a corporation organized under the laws of Ohio with its principal place of business in Scottsdale, Arizona.

8. SF Motors is a corporation organized under the laws of Delaware with its principal place of business at 1504 McCarthy Blvd., Milpitas, CA 95035.

9. Upon information and belief, Jason Luo is a resident of the State of Florida. From 2018 until November 12, 2020, Luo served as Chairman of the Board of Directors of SF Motors.

10. Upon information and belief, James Taylor is a resident of the State of Maryland. From May 2019 until November 30, 2020, Taylor served as Co-Chief Executive Officer of SF Motors.

## JURISDICTION AND VENUE

11. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1). There is complete diversity of citizenship between Scottsdale and the Defendants, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

12. Venue is proper in this District and Division pursuant to 28 U.S.C. § 1391(b)(1) as SF Motors resides in this District and Division.

# FACTS

**A. The Scottsdale Policy**

13. Scottsdale issued Business and Management Indemnity Policy bearing Policy No. EKS3500577 to SF Motors, Inc. dba Seres, Inc. for the Policy Period October 31, 2023 to October 31, 2024 (the "Policy"). A true and correct copy of the Policy is attached hereto as Exhibit A.

14. The Policy was issued to SF Motors at its corporate address in Milpitas, California, and SF Motors is identified as a California Policyholder. *Id.* at Declarations, Item 1; California Policyholder Notice.

15. The Policy provides a $1 million aggregate for all Loss under Sections 1.b and 1.c. excess to a $100,000 self-insured retention. *Id.* at Policy Declarations, Item 3.

16. Insuring Clause 2 of the Directors and Officers and Company Coverage Section (the "D&O Coverage Section") provides:

> The **Insurer** shall pay the **Loss** of the **Company** for which the **Company** has indemnified the **Directors and Officers** and which the **Directors and Officers** have become legally obligated to pay by reason of a **Claim** first made against the **Directors and Officers** during the **Policy Period** or, if elected, the **Extended Period**, and reported to the **Insurer** pursuant to Section E.1. herein, for any **Wrongful Act** taking place prior to the end of the **Policy Period**.

*Id.* at D&O Coverage Section, Insuring Clause A.2.

17. Luo and Taylor are **Directors and Officers**.

18. **Loss** is defined to include **Costs, Charges and Expenses**. *Id.* at D&O Coverage Section, Section B.7.

19. The Policy defines **Costs, Charges and Expenses** in pertinent part to mean "reasonable and necessary legal costs, charges, fees and expenses incurred by any of the **Insureds** in defending **Claims** *Id.* at D&O Coverage Section, Section B.3.

20. The Policy gives Scottsdale the duty to defend:

> It shall be the duty of the **Insurer** and not the duty of the **Insureds** to defend any **Claim**. Such duty shall exist even if

3

any of the allegations are groundless, false or fraudulent. The **Insurer's** duty to defend any **Claim** shall cease when the Limits of Liability have been exhausted by the payment of **Loss** including **Costs, Charges and Expenses.**

*Id.* at D&O Coverage Section, Section F.1.

21. The Policy prohibits the **Insureds** from incurring **any Costs, Charges and Expenses** in connection with a **Claim** without Scottsdale's prior written consent. *Id.* at D&O Coverage Section, Section F.3. The Policy states: "The Insurer shall not be liable for any settlement, **Costs, Charges and Expenses**, assumed obligation or admission to which it has not consented." *Id.*

22. The Policy also requires the **Insureds** to cooperate with Scottsdale in the event of a **Claim**. *Id.* at D&O Coverage Section, Section F.4.

**B. SF Motors Provides Notice of the Underlying Action to Scottsdale**

23. On July 25, 2022, the Underlying Action was filed naming Luo, Taylor and others as defendants. A true and correct copy of the Verified Class Action Complaint is attached hereto as Exhibit B.

24. On May 31, 2024, the operative First Amended Complaint was filed. The First Amended Complaint added SF Motors as a defendant and added allegations that Luo and Taylor acted in their capacities with SF Motors. A redacted version of the First Amended Complaint was publicly filed on June 7, 2024. A true and correct copy of the publicly filed First Amended Verified Shareholder Complaint is attached hereto as Exhibit C.

25. On or about June 13, 2024, SF Motors provided notice of the Underlying Action.

26. On June 25, 2024, subject to a full reservation of rights, Scottsdale acknowledged its duty to defend the Underlying Action and assigned defense counsel to represent SF Motors, Luo and Taylor. Specifically, Scottsdale assigned Gordon & Rees to represent Mr. Luo and O'Hagan Meyer to represent Mr. Taylor. A true and correct copy of Scottsdale's June 25, 2024 letter is attached hereto as Exhibit D.

27. On September 9, 2024, Luo and Taylor objected to Scottsdale's appointment of counsel and requested that Scottsdale consent to their chosen attorneys. A true and correct copy

of the September 9, 2024 letter sent by counsel for Mr. Luo is attached hereto as Exhibit E. A true and correct copy of the September 9, 2024 email communication from Mr. Taylor's attorney is attached hereto as Exhibit F.

28. On September 13, 2024, Scottsdale advised Luo and Taylor that the Policy affords Scottsdale with the duty to defend and that Scottsdale was exercising its duty to defend by assigning counsel to defend Luo and Taylor. Scottsdale asked Luo and Taylor to advise whether they would accept Scottsdale's defense. A true and correct copy of this September 13, 2024 letter is attached hereto as Exhibit G.

29. By letter dated September 18, 2024, Mr. Luo again refused to accept Scottsdale's defense and requested that Scottsdale agree to pay the costs and expenses incurred by his chosen counsel, Paul Weiss Rifkind, Wharton & Garrison LLP ("Paul Weiss"). A true and correct copy of this September 18, 2024 letter is attached hereto as Exhibit H.

30. On September 19, 2024, Scottsdale advised Mr. Luo that it would not pay the costs and expenses of Paul Weiss and requested authority for Gordon & Rees to contact Luo to discuss his representation. A true and correct copy of the September 19 email communication is attached hereto as Exhibit I.

31. By emails dated September 26, 2024 and October 2, 2024, Mr. Luo again refused to agree to Scottsdale's selection of Gordon & Rees as his defense counsel. A true and correct copy of these emails is attached hereto as Exhibits J and K.

**COUNT ONE**

**CLAIM FOR DECLARATORY RELIEF**

32. Scottsdale re-alleges and incorporates by reference the allegations in Paragraphs 1 through 31 as if fully set forth herein.

33. The Policy provides Scottsdale with the duty to defend the Underlying Action.

34. Scottsdale has exercised its duty to defend the Underlying Action by assigning counsel to represent Luo and Taylor as defense counsel subject to a reservation of rights.

35. Luo and Taylor have rejected Scottsdale's assigned counsel.

36. An actual controversy has arisen and now exists between Scottsdale and Luo and

Taylor.

37. By refusing Scottsdale's defense of the Underlying Action, Luo and Taylor have breached their duty to cooperate with Scottsdale in connection with the Underlying Action.

38. As a result of Luo's and Taylor's violation of their duty to cooperate, Scottsdale's ability to provide them with a defense in the Underlying Action has been substantially prejudiced.

39. Accordingly, Scottsdale requests a declaration that (1) Scottsdale has the right under the Policy to appoint counsel to represent Defendants in the Underlying Action; (2) Defendants have a duty to cooperate with Scottsdale with regard to all aspects of the Underlying Action, including cooperating with Scottsdale's appointed counsel in their defense of the Underlying Action; (3) Defendants have breached the Policy's cooperation clause; and (4) as a result of Defendants' breach, Scottsdale's performance under the Policy is excused and Scottsdale has no obligation to defend or indemnify Luo or Taylor in the Underlying Action.

## COUNT TWO

## CLAIM FOR DECLARATORY RELIEF

40. Scottsdale re-alleges and incorporates by reference the allegations in Paragraphs 1 through 39 as if fully set forth herein.

41. Upon information and belief, Luo and Taylor have incurred and continue to incur **Costs, Charges and Expenses** in the defense of the Underlying Action without obtaining Scottsdale's consent.

42. Scottsdale's refusal to consent to the **Costs, Charges and Expenses** incurred by Luo and Taylor in the defense of the Underlying Action is reasonable.

43. Luo and Taylor have breached the Policy by incurring **Costs, Charges and Expenses** without obtaining Scottsdale's consent.

44. Accordingly, Scottsdale seeks a declaration that it is not liable for any **Costs, Charges and Expenses** incurred by Defendants without Scottsdale's consent.

//
//

380 105826 4860-5971-0957 .v1

**PRAYER FOR RELIEF**

WHEREFORE, Scottsdale prays that this Court enter an Order:

1. Scottsdale has the right under the Policy to appoint counsel to represent Defendants in the Underlying Action;
2. Defendants have a duty to cooperate with Scottsdale with regard to all aspects of the Underlying Action, including cooperating with Scottsdale's appointed counsel in their defense of the Underlying Action;
3. Defendants have breached the Policy's cooperation clause;
4. as a result of Defendants' breach, Scottsdale's performance under the Policy is excused and Scottsdale has no obligation to defend or indemnify Luo or Taylor in the Underlying Action; and
5. awarding Scottsdale all other relief that the Court deems just and equitable.

DATED: October 7, 2024

LINDA WENDELL HSU
SELMAN LEICHENGER EDSON HSU
NEWMAN & MOORE LLP

By: _____
    LINDA WENDELL HSU

Attorneys for Plaintiff
SCOTTSDALE INSURANCE COMPANY